FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 MAR 7 PM 5 05

STEPHAN HARRIS, CLERK
CHEYENNE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

ALBERT WILHELM VON SCHULTZ,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 12-CV-255-ABJ

(Criminal No. 06-CR-231-ABJ-1)

## OPINION AND ORDER DISMISSING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

Petitioner Albert Wilhem Von Schultz pleaded guilty to one count of conspiracy to manufacture and possess with intent to distribute, and to distribute, marijuana. He also pleaded guilty to one count of possessing a firearm in furtherance of a drug trafficking crime. Now, more than five years after his conviction became final, Von Schultz has moved this Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on the ground that he was deprived of his Sixth Amendment right to the effective assistance of counsel. The Government argues that the Court should dismiss Von Schultz's motion as untimely under § 2255's one-year limitation period. The Court agrees and **DISMISSES** Von Schultz's motion as time-barred.

## FACTS

Petitioner Albert Wilhelm Von Schultz (a.k.a. Robert Culver Hinz) pleaded guilty to one count of conspiracy to manufacture and possess with intent to distribute, and to distribute, marijuana in violation of 21 U.S.C. § 846, and § 841(a)(1) and (b)(1)(B). He also pleaded guilty to possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). The trial court accepted Von Schultz's guilty plea, sentenced him to 120 months in prison, and entered its judgment on March 19, 2007. Von Schultz did not file an appeal.

Von Schultz alleges that the reason he didn't file an appeal is because defense counsel said he would file one but never did. Two years after Von Schultz's conviction, he wrote to defense counsel asking about the status of his appeal and received a response informing him that defense counsel had died and had not filed an appeal. At some later date, Von Schultz began thinking that the Government didn't have enough evidence to support the possession of a firearm in furtherance of a drug trafficking crime charge, and that defense counsel had rendered constitutionally defective assistance by advising Von Schultz to plead guilty to that charge. Von Schultz then allegedly consulted with a paralegal who erroneously advised him that he had to exhaust all administrative remedies before filing a § 2255 motion. Von Schultz initiated the exhaustion process in May 2011 and the process concluded in April 2012.

On November 8, 2012, Von Schultz mailed this Court his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He argues that defense counsel rendered constitutionally defective assistance in two ways. First, defense counsel advised Von Schultz to plead guilty to possessing a firearm in furtherance of a drug trafficking crime even though Von

Schultz maintains he's innocent of that charge. Second, defense counsel failed to adequately investigate Von Schultz's case.

Von Schultz recognizes he has a timeliness problem given he filed his motion more than five years after his conviction became final, but he offers two solutions. First, he argues that § 2255's one-year limitation period didn't start running on his motion until March 21, 2012, when the Supreme Court announced its decisions in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012). According to Von Schultz, these decisions recognized a new right—the right to effective assistance of counsel during plea bargaining—and this new right applies retroactively to cases like his on collateral review. And, because Von Schultz filed his § 2255 motion within one year of *Lafler* and *Frye*, he contends that his motion is timely under § 2255(f)(3). Von Schultz's second solution to the timeliness problem is that even if his motion is untimely the Court should excuse his untimeliness based on the equitable tolling doctrine. The Government contends that none of Von Schultz's arguments has merit and urges the Court to dismiss his motion as untimely.

## DISCUSSION

The first issue here is whether § 2255's one-year limitation period started running on Von Schultz's motion when his conviction became final or when the Supreme Court decided *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012), which the Court handed down on March 21, 2012. The second issue is whether Von Schultz's motion is timely

and, if not, whether he is entitled to equitable tolling. After discussing these issues, the Court will briefly conclude.

## I.      When the Clock Started Ticking

The Court starts with this question: When did the clock start ticking on Von Schultz's § 2255 motion—when his conviction became final or when the Supreme Court decided *Lafler* and *Frye*? Von Schultz argues the latter. The Court concludes the former.

Section 2255(f)(3) provides that the one-year limitation period for filing a § 2255 motion doesn't start running until "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Von Schultz argues that the Supreme Court recognized a new right in *Lafler* and *Frye*—the right to effective assistance of counsel in the plea bargaining process—and that this new right applies retroactively to cases like his on collateral review. Thus, according to Von Schultz, his motion is timely under § 2255(f)(3) because he filed it within one year of *Lafler* and *Frye*.

The Court disagrees that § 2255(f)(3) governs Von Schultz's motion. The Tenth Circuit has held that neither *Lafler* nor *Frye* recognized a new right for purposes of § 2255(f)(3). *United States v. Lawton*, No. 12–3240, 2012 WL 6604576, at *3 (10th Cir. Dec. 19, 2012) (unpublished). That holding is consistent with precedent from other federal courts of appeals.[1]

---

[1] *See Williams v. United States*, 705 F.3d 293, 294 (8th Cir. 2013) (holding that neither *Lafler* nor *Frye* announced a new rule of constitutional law); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012) (same); *In re King*, 697 F.3d 1189, 1189 (5th Cir. 2012) (same); *Hare v. United States*, 688 F.3d 878, 881 (7th Cir. 2012) (same); *In re Perez*, 682 F.3d 930, 932 (11th Cir. 2012) (same).

Thus, because neither *Lafler* nor *Frye* announced a new right within the meaning of § 2255(f)(3), that provision does not govern the timeliness of Von Schultz's motion—§ 2255(f)(1) does. The clock started ticking when Von Schultz's conviction became final.

## II.     Timeliness and Equitable Tolling

Having concluded that § 2255's one-year limitation period started running on Von Schultz's motion when his conviction became final, the Court next addresses whether his motion is timely and, if not, whether equitable tolling can save his motion. The Court concludes that the answer to both of those questions is no.

Von Schultz's motion is untimely because he filed it more than one year after his conviction became final. *See* 28 U.S.C. 2255(f)(1). The trial court entered its judgment on March 19, 2007, and Von Schultz did not appeal. His conviction thus became final on March 29, 2007. *See United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."); Fed. R. App. P. 4(b)(1)(A) (2007) (providing criminal defendants ten days to file notice of appeal). Von Schultz had until March 29, 2008, to file his motion but didn't do so until November 8, 2012. Thus, his motion is over four years late.

Von Schultz doesn't deny that his motion is untimely under § 2255(f)(1), but instead argues that the Court should treat his motion as timely under the equitable tolling doctrine. In support of equitable tolling, Von Schultz argues that three extraordinary circumstances stood in his way of filing on time: (1) Defense counsel said he would file a notice of appeal but never did,

- 5 -

(2) defense counsel died, and (3) a paralegal erroneously told Von Schultz that he had to exhaust administrative remedies before filing a § 2255 motion. On the merits, Von Schultz contends that defense counsel rendered constitutionally defective assistance by advising Von Schultz to plead guilty to possessing a firearm in furtherance of a drug trafficking crime. This was constitutionally defective advice, according to Von Schultz, because he is actually innocent of that charge. Because the Court liberally construes Von Schultz's pro se motion, the Court casts this argument as one for equitable tolling on the ground of actual innocence. *See United States v. Viera*, 674 F.3d 1214, 1216 n.1 (10th Cir. 2012)

Von Schultz is correct that equitable tolling can extend the time for filing a § 2255 motion beyond the one-year limitation period. *See United States v. Johnson*, 447 F. App'x 918, 919 (10th Cir. 2012) (unpublished). But equitable tolling applies only if the petitioner shows (1) that he has diligently pursued his rights, and (2) that some extraordinary circumstance stood in his way of filing on time. *See Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). Regarding diligence, a petitioner "must allege with specificity the steps he took" to diligently pursue his claims. *Id.* at 930 (internal quotation marks omitted). And while no exhaustive list of extraordinary circumstances exists, the Tenth Circuit has provided some examples, such as actual innocence claims, uncontrollable circumstances preventing timely filing, or a timely filing that is otherwise defective in some way. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

Although courts have the power to equitably toll § 2255's one-year limitation period, equitable tolling is very much the exception rather than the rule. "An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due

- 6 -

diligence." *Yang*, 525 F.3d at 928. Equitable tolling is a "rare remedy" that applies only in "unusual circumstances." *Id.* at 929. In short, equitable tolling is "to be applied sparingly." *Id.*

The Court rejects Von Schultz's equitable tolling argument because he has failed to demonstrate diligence. He states that he dutifully and diligently pursued his claims. *See* Pet'r Mot. 9, ECF No. 1; Pet'r Mem. 2, 5, ECF No. 2. But these conclusory statements are not sufficient to establish diligence. *See Yang*, 525 F.3d at 930 ("[Petitioner's] conclusory statement that he 'diligently pursued his rights and remedies' will not suffice."). Further, Von Schultz has not stated what actions he took to diligently pursue his rights. *See id.* (petitioner must allege with specificity "the steps he took to diligently pursue his federal claims").

The record further belies Von Schultz's contention that he diligently pursued his rights. He admits that he didn't even inquire about the status of his appeal until two years after his conviction. Pet'r Mem. 6, ECF No. 2. That Von Schultz waited over five years from the date his conviction became final to file his § 2255 motion itself demonstrates a lack of diligence. *See Loving v. Mahaffey*, 27 F. App'x 925, 926 (10th Cir. 2001) (unpublished) (holding petitioner not entitled to equitable tolling where petitioner waited almost five years from date of conviction to file federal habeas petition); *Hicks v. Kaiser*, No. 99–6302, 2000 WL 27694, at *2 (10th Cir. Jan. 14, 2000) (unpublished) ("That Hicks' first challenge to his conviction came more than two years after it became final demonstrates a lack of diligence . . . ."). And even if Von Schultz's exhaustion of administrative remedies evidenced some amount of diligence, he didn't initiate that process until four years *after* his conviction had become final and waited another seven months to file his § 2255 motion once the exhaustion process had ended. *See* Pet'r Mem. 3 n.2,

ECF No. 2. Von Schultz has thus failed to demonstrate diligence and is not entitled to equitable tolling.

The Court also rejects Von Schultz's argument that his untimeliness should be excused on the ground of actual innocence. "To establish a credible claim of actual innocence, a petitioner must support his claim with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial . . . ." *United States v. Williams*, 480 F. App'x 503, 505 (10th Cir. 2012) (unpublished) (internal quotation marks omitted). The petitioner also must show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* Here, Von Schultz does not offer any newly discovered evidence, much less evidence sufficient to justify excusing his untimeliness on the ground of actual innocence. He merely argues that there was insufficient evidence to support the charge of possessing a firearm in furtherance of a drug trafficking crime. *See* Pet'r Mem. 9–13, ECF No. 2. The Court therefore rejects Von Schultz's claim that his untimeliness should be excused based on actual innocence.

## III.    Evidentiary Hearing

Section 2255 provides that a district court should hold a hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court concludes that Von Schultz's motion and the record and files of this case conclusively show that he's not entitled to relief. The Court therefore denies Von Schultz an evidentiary hearing. *See United States v. Marr*, 856 F.2d 1471,

1472 (10th Cir. 1988) (holding that no evidentiary hearing is required if the district court finds that the case record conclusively shows that the petitioner is not entitled to relief).

## IV.     Certificate of Appealability

The rules governing § 2255 proceedings state, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Proceedings. Section 2255 provides that "[a] certificate of appealabililty may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing in a case like this where the court has disposed of a § 2255 motion on procedural grounds, the petitioner must show (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists could not debate the correctness of the Court's procedural ruling, the Court denies petitioner a certificate of appealability.

## CONCLUSION

The Court rejects Von Schultz's argument that § 2255's one-year limitation period started running on his § 2255 motion when the Supreme Court decided *Lafler* and *Frye* because neither case recognized a new right within the meaning of 28 U.S.C. § 2255(f)(3). Von Schultz's motion is time-barred because he failed to file it within one year of his conviction becoming final and he is not entitled to equitable tolling. The Court therefore **DISMISSES** Von Schultz's § 2255

motion (ECF No. 1), **DENIES** an evidentiary hearing, and **DENIES** a certificate of appealability.

Dated this _____ day of March, 2013.

Alan B. Johnson
United States District Judge